IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

BLUEFIELD DIVISION

**TIMOTHY S. WISE,**

       **Petitioner,**

v.	Case No. 1:20-cv-00059

**WARDEN,**
**FCI McDowell,**

       **Respondent.**

## MEMORANDUM OPINION and ORDER

Pending are two motions filed by Petitioner in this habeas action. The Court **ORDERS** as follows:

1.	In a Request for Court Order that Federal Correctional Institution ("FCI") McDowell Provide Needed Legal Materials, (**ECF No. 2**), Petitioner asks the Court to extend the deadline for the filing of appeals to DHO sanctions and rulings. Petitioner also asks the Court to order FCI McDowell to provide Petitioner with stationery supplies. The requests are **DENIED**. Petitioner's stated reason for seeking an extension is that he cannot obtain the supplies necessary to file an appeal. However, Petitioner was able to file the Request and numerous letter and documents thereafter. Therefore, his argument for an extension is unpersuasive.

With respect to his claim regarding the lack of supplies, Petitioner must file a separate civil action in this Court's Bluefield division, asserting a violation of his civil rights under *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics,* 403 U.S. 388 (1971). Such a case addresses different issues than those raised in a habeas

proceeding, has a different filing fee, and generally follows a different course.

The present case is a habeas proceeding. A habeas petition is the proper mechanism by which a prisoner disputes the "fact or duration" of his confinement. *Preiser v. Rodriguez,* 411 U.S. 475, 498–99 (1973). Generally, a petition filed under section 2241 challenges the execution of a sentence. *United States v. Little,* 392 F.3d 671, 679 (4th Cir. 2004) (citing *In re Vial,* 115 F.3d 1192, 1194 n. 5 (4th Cir. 1997)). Therefore, when a prisoner wishes to appeal DHO sanctions that affect the length of his sentence, filing a habeas petition under section 2241 is proper. However, when a prisoner attempts to challenge or alter the ***conditions of his confinement***, and not his sentence, the appropriate vehicle is a civil rights action. *Preiser,* 411 U.S. at 494, 498–99.

Here, Petitioner complains, in part, about the conditions of his confinement (i.e. that he is deprived of the tools necessary to file appeal a DHO sanction). Given that such a claim is separate and distinct from one that challenges the fact or duration of his sentence, Petitioner must assert it in a different proceeding. *See Crooker v. Stewart*, No. CIV.A. ELH-14-1972, 2015 WL 1210209, at *3 (D. Md. Mar. 13, 2015) (acknowledging a split among circuits, but noting that "the Fourth Circuit has said that where a petitioner does not assert entitlement to release, the claim is properly treated as a suit under 42 U.S.C. § 1983, or in the case of a federal inmate, a *Bivens* claim.") (citing as an example, *Braddy v. Wilson,* 580 Fed. Appx. 172 (4th Cir. 2014)); *also Wilborn v. Mansukhani,* 795 F. App'x 157, 164 (4th Cir. 2019) (citing *Rodriguez v. Ratledge,* 715 F. App'x 261, 265-66 (4th Cir. 2017)).

2.   Respondent's counsel shall meet and/or confer with Respondent on or before **May 8, 2020** and discuss Petitioner's complaints regarding the handling of his

legal mail and the alleged lack of stationery supplies to determine if Petitioner's concerns can be rectified.

The Clerk is directed to provide a copy of this Order to Petitioner, along with the relevant forms and instructions to file a *Bivens* action. The Clerk is further directed to provide a copy of this Order to counsel of record.

**ENTERED:** April 22, 2020

Cheryl A. Eifert
United States Magistrate Judge